**Vedder Price (CA), LLP**
Nitya Bhardwaj (SB #340938)
1925 Century Park East, Suite 1900
Los Angeles, California 90067
nbhardwaj@vedderprice.com
T: (424) 204-7700
F: (424) 204-7702

*Attorneys for defendant*
WORLD TRAVEL HOLDINGS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>WORLD TRAVEL HOLDINGS, INC.,<br><br>Defendant. | Case No. **'25CV0772 H     SBC**<br><br>**DEFENDANT WORLD TRAVEL HOLDINGS, INC.'S NOTICE OF REMOVAL**<br><br>Removal from the Superior Court of the State of California, County of San Diego, Case No. 25CU004653C<br><br><br>Action Filed:<br><br>Trial Date: None Set |

NOTICE OF REMOVAL

1  **TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HIS**
2  **COUNSEL OF RECORD:**

3  PLEASE TAKE NOTICE that defendant World Travel Holdings, Inc. ("WTH") hereby
4  removes this civil action, *Casillas v. World Travel Holdings, Inc.* Case No. 25CU004653C, from
5  the Superior Court of the State of California, County of San Diego (the "State Court Action") to
6  the United States District Court for the Southern District of California pursuant to 28 U.S.C.
7  §§ 1332, 1441, and 1446. In support of removal, WTH states as follows:

8  **I.      INTRODUCTION**

9  On January 27, 2025, plaintiff Miltita Casillas, on behalf of herself and all others similarly
10 situated, commenced the State Court Action against WTH. A copy of Plaintiff's Complaint is
11 attached as **Exhibit A**. Plaintiff seeks to represent the following class:

12 > All California citizens who visited Defendant's Website while physically in
13 > California and whose personal information was shared with TikTok or other third
14 > parties by Defendant without effective and informed prior consent.

15 Ex. A ¶ 19 . (the "Putative Class").

16 Plaintiff purports to bring claims on behalf of the Putative Class for WTH's alleged
17 violation of California Trap and Trace Law, Cal. Penal Code § 638.51, claiming that WTH
18 improperly disclosed the personal information of consumers who visited its website to TikTok.
19 Specifically, Plaintiff alleges that WTH installed a tracking pixel on its website that duplicated and
20 sent consumers' personal information to TikTok.

21 Nothing in the Complaint indicated Plaintiff's calculation of the amount in controversy.
22 However, on March 24, 2025, counsel for Plaintiff Scott Ferrell emailed WTH's counsel and
23 stated, "we believe the class consists of thousands of people and that class damages exceed $50
24 million." A true and correct copy of that email is attached as **Exhibit B**.

25 This Notice of Removal is based primarily on the allegations in the Complaint and amd the
26 assertions in Plaintiff's counsel's email, and it does not admit the truth of the facts asserted in the
27 Complaint, the validity of Plaintiff's claims, or the entitlement to any form of relief. Rather, WTH
28 expressly denies that Plaintiff and the Putative Class are entitled to any relief.

## II.   LEGAL STANDARD

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* at 87 (alteration in original). No evidentiary support is required. *Id.* at 84.

## III.   REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this case may be removed pursuant to 28 U.S.C. § 1441(a) because the action is a putative class action in which at least one member is a citizen of a different state from that of WTH, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B).

### A.   Diversity of Citizenship

Under CAFA, sufficient diversity of citizenship exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). According to Plaintiff's Complaint, she "resides in California." Ex. A ¶ 4. WTH is a Delaware corporation, with its principal place of business in Massachusetts. Accordingly, there is diversity under CAFA.

### B.   Number of Class Members

Plaintiff purports to bring this claim as a class action, and estimates the Putative Class includes "thousands of people." *See* Exh. B. Based on this claim, the aggregate number of class members in Plaintiff's Putative Class exceeds 100 and satisfies 28 U.S.C. § 1332(d)(5).

- 2 -

NOTICE OF REMOVAL

## C. Amount In Controversy Exceeds $5,000,000.

Plaintiff has asserted that the "class damages exceed $50 million" in this case. *See* Exh. B. Although WTH strongly disagrees with that assertion, it is more than enough to establish that the amount in controversy in this case exceeds $5 million.

## IV. THE EXCEPTIONS TO CAFA JURISDICTION DO NOT APPLY.

Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). CAFA provides one discretionary exception and two mandatory exceptions to application of federal jurisdiction. 28 U.S.C. §§ 1332(d)(3)-(4). But all three exceptions include the requirement that the defendant is a citizen of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3)-(4). Here, because WTH is not a citizen of the state of California, none of the CAFA exceptions applies.

## V. 28 U.S.C. § 1446 REQUIREMENTS

Section 1446 also sets forth certain procedural requirements for removal, all of which are met here.

### A. Venue Is Proper

The proper venue for removed cases is the District embracing the county where the state court action was pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The State Court Action was originally filed in the Superior Court of the State of California, County of San Diego. The County of San Diego is within the jurisdiction of this District.

### B. Removal Is Timely

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days from March 24, 2025, which was the date Plaintiff's counsel expressed his belief that the amount in controversy exceeded $5 million, and is made within one year after the commencement of the action.

### C. Pleadings and Process/Notice to State Court

Consistent with 28 U.S.C. §§ 1446(a), (d) and concurrently with the filing of this Notice of Removal, written notice of such filing will be served upon counsel for Plaintiff. In addition, a copy

- 3 -

NOTICE OF REMOVAL

## C. Amount In Controversy Exceeds $5,000,000.

Plaintiff has asserted that the "class damages exceed $50 million" in this case. *See* Exh. B. Although WTH strongly disagrees with that assertion, it is more than enough to establish that the amount in controversy in this case exceeds $5 million.

## IV. THE EXCEPTIONS TO CAFA JURISDICTION DO NOT APPLY.

Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). CAFA provides one discretionary exception and two mandatory exceptions to application of federal jurisdiction. 28 U.S.C. §§ 1332(d)(3)-(4). But all three exceptions include the requirement that the defendant is a citizen of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3)-(4). Here, because WTH is not a citizen of the state of California, none of the CAFA exceptions applies.

## V. 28 U.S.C. § 1446 REQUIREMENTS

Section 1446 also sets forth certain procedural requirements for removal, all of which are met here.

### A. Venue Is Proper

The proper venue for removed cases is the District embracing the county where the state court action was pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The State Court Action was originally filed in the Superior Court of the State of California, County of San Diego. The County of San Diego is within the jurisdiction of this District.

### B. Removal Is Timely

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within 30 days from March 24, 2025, which was the date Plaintiff's counsel expressed his belief that the amount in controversy exceeded $5 million, and is made within one year after the commencement of the action.

### C. Pleadings and Process/Notice to State Court

Consistent with 28 U.S.C. §§ 1446(a), (d) and concurrently with the filing of this Notice of Removal, written notice of such filing will be served upon counsel for Plaintiff. In addition, a copy

of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in Dan Diego County.

## VI. REQUIRED ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), the attached Exhibits A and C-E constitute all "process, pleadings, and orders served upon such defendant" or filed in the state court action to date:

1. Exhibit A is a true and correct copy of Plaintiff's Complaint.
2. **Exhibit C** is a true and correct copy of the Summons on the Complaint.
3. **Exhibits D** is a true and correct copy of a stipulated extension filed in the State Court Act.
4. **Exhibit E** is a true and correct copy of the court index for the State Court Action.

## VII. RESERVATIONS

By filing this notice of removal, WTH does not waive any defense that may be available to it and hereby expressly reserves all defenses, including but not limited to: lack of personal jurisdiction, improper venue, *forum non conveniens*, insufficiency of process, insufficiency of service of process, failure to join necessary parties, lack of standing, and failure to state a claim. WTH disputes the Complaint in its entirety, including all factual and legal allegations and prayers for relief. WTH reserves the right to amend or supplement this notice of removal if needed.

WHEREFORE, WTH removes this action to this Court for further proceedings according to law.

Dated: March 31, 2025            VEDDER PRICE (CA), LLP

By:/s/ Nitya Bhardwaj
    Nitya Bhardwaj

Attorneys for defendant
WORLD TRAVEL HOLDINGS, INC.

**PROOF OF SERVICE**

I, Ayjah I. Davis, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1925 Century Park East, Suite 1900, Los Angeles, California 90067. On March 31, 2025, I served a copy of the within document(s):

DEFENDANT WORLD TRAVEL HOLDINGS, INC.'S NOTICE OF REMOVAL

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| PACIFIC TRIAL ATTORNEYS<br>A Professional Corporation<br>Scott J. Ferrell<br>sferrell@pacifictrialattorneys.com<br>David W. Reid<br>dreid@pacifictrialattorneys.com<br>Victoria C. Knowles<br>vknowles@pacifictrialattorneys.com<br>4100 Newport Place Drive, Ste. 800<br>Newport Beach, CA 92660 | *Attorneys for Plaintiff*<br>*Miltita Casillas, individually and on*<br>*behalf of all others similarly situated* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2025, at Los Angeles, California.



Ayjah I. Davis